FILED

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2016 AUG 18 P 3: 20

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

|  |  |
|---|---|
| NFX LLC, | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| NFX.COM | ) |
|  | ) |
| Defendant. | ) |

Civil No. 1: 16cv1062
LmB/TCB

## COMPLAINT

Plaintiff NFX LLC ("Plaintiff" or "NFX"), by its counsel Greenberg Traurig, LLP, for its Complaint in this action, alleges:

## PARTIES

1.     NFX is a California limited liability company having its principal place of business at 558 Hawthorne Avenue, Palo Alto, California 94301.

2.     NFX.com is a domain name that was owned by Plaintiff but has been stolen from Plaintiff and is now in the possession of Defendant "Zhaoyuechao" ("Domain Hijacker").

3.     The domain name registrar for the NFX.com domain name identifies the registrant of the NFX.com domain name as "Zhaoyuechao" with an address of Hebeisheng, tang shan shi, he bei, 063000, China, phone number: +86.8686868686, fax number: +86.8686868686, email: 1060070657@qq.com. Presumably, at least the phone and fax number provided by the registrant to the registrar are false. The current WHOIS Data for the NFX.com domain name is attached hereto as *Exhibit A*.

## DOMAIN NAME REGISTRAR AND REGISTRY

4.     The domain name registrar for the NFX.com domain name is eName Technology Co., Ltd.with an address of Unit 603 No. 19, Wanghai Road, Software Park,

Xiamen Fujuan 361005, China, phone number: +86.5925954294, email: service@ename.com.

5. The domain name registry for the NFX.com domain name is VeriSign, Inc., a Delaware corporation having its principal place of business at 12061 Bluemont Way Reston, VA 20190.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1331 because Plaintiff asserts a claim for Cyberpiracy under the Lanham Act under 15 U.S.C. § 1125(d), as well as related and supplemental claims for conversion, declaratory relief, and preliminary and permanent injunctions.

7. This Court has *in rem* jurisdiction over the NFX.com domain name pursuant to 15 U.S.C. § 1125(d)(2)(A) because Plaintiff is not able to obtain *in personam* jurisdiction over the registrant listed in WhoIs for the NFX.com domain name, Zhaoyuechao who is purportedly located in China, and the NFX.com domain name has its situs in this judicial district pursuant to 15 U.S.C. § 1125(d)(2)(C) because VeriSign, Inc., the registry of the NFX.com domain name, is located in this judicial district.

8. Venue is proper in this judicial district pursuant to 15 U.S.C. § 1125(d)(2) because VeriSign, Inc., the registry of the NFX.com domain name, is located in this judicial district.

## FACTS RELEVANT TO ALL CLAIMS

9. NFX is an invite-only guild for digital networks and marketplaces. NFX runs a three-month program in the Bay Area twice per year for 15 to 20 companies. Companies in the program can be post Series A, post Seed, or pre Seed. The program covers the unique challenges that face these types of network effect businesses, including marketplace balance and liquidity, network density, retention tactics, growth tactics and strategy, benchmarked KPI's, rake pricing and other fees, effective access to the platform companies like Facebook, Apple and Google, rapid scaling, and other areas. The NFX program ends with the NFX Conference & Demo Day, where each company presents in

front of investors, journalists, and top potential hires.

10.     On November 15, 2014, NFX acquired all right, title, and interest to the NFX.com domain name. Since its acquisition of the NFX.com domain name, NFX has diligently renewed and maintained its ownership of the NFX.com domain name. Since at least as early as May 2013, NFX has used its distinctive NFX trademark in connection with its guild and its programs for digital networks and marketplaces. Examples evidencing this use of the NFX trademark are attached hereto as *Exhibit B*.

11.     James Currier, co-founder of NFX Guild, is an established entrepreneur and investor in Silicon Valley who has founded, advised and invested in networks and marketplaces for over 14 years. Sometime between September 2015 and May 2016, an unauthorized and unknown third party hacked into the email account of Mr. Currier's agent who was responsible for managing Mr. Currier's domain portfolio. From inside this email account, this unknown third party was able to impersonate Mr. Aurrier's agent and fraudulently transfer a number of domain names, including the NFX.com domain name ("the Stolen Domain"), from Mr. Currier's registrar account to an account at another registrar, without the knowledge or authorization of Mr. Currier or his agent. The Stolen Domain is now administered by another registrar company and the registration lists someone else (the Domain Hijacker and Defendant herein) as the registrant.

12.     During the time the Stolen Domain was fraudulently transferred out of Mr. Currier's registrar account, and up until the present time, the Domain Hijacker has not changed any settings on the Stolen Domain such that the NFX website still is displayed and NFX email still works. Screenshots of the NFX website displayed on the NFX.com domain name on July 29, 2016 are attached hereto as *Exhibit C*. Presumably the Domain Hijacker did this so that NFX would not realize that the domain name was stolen, which is a common technique used by domain thieves to avoid detection while they try to sell the stolen domain names.

13.     Because the Domain Hijacker has full control over the Stolen Domain, he or she can change the settings of the Stolen Domain at any time, which would result in the

NFX website no longer being displayed and NFX email no longer functioning. This would be devastating to the business of NFX as no one would be able to find NFX online and NFX could no longer send or receive any emails. The Domain Hijacker could also transfer or encumber the Stolen Domain.

14.     If the Domain Hijacker changes the settings of the Stolen Domain and the NFX website is no longer displayed and NFX can no longer send or receive email messages, the NFX Guild will suffer irreparable harm to its reputation and goodwill. The NFX Guild's partners, customers and potential customers could also be exposed to the Domain Hijacker's malware, viruses, or other computer attacks, particularly if they are contained in email messages sent from NFX.com email addresses, which recipients would likely open, assuming they were from NFX. NFX also has an established partner network of companies using NFX's services. The result of the Domain Hijacker's actions imperils Plaintiff's partner network, which is at the core of Plaintiff's business model.

15.     The Domain Hijacker has intentionally taken and/or kept without authorization Plaintiff's NFX.com domain name, and has represented itself as the domain name registrant for the NFX.com domain name.

16.     By virtue of NFX's continuous and exclusive use, advertising, and promotion, the NFX.com trademark has come to symbolize extensive goodwill owned by NFX. The NFX.com trademark and the goodwill associated therewith represent an extremely valuable asset to NFX.

## COUNT 1

### CYBERPIRACY UNDER § 1125(D) OF THE LANHAM ACT

17.     The above paragraphs are realleged and incorporated by reference as if set forth in full.

18.     The Domain Hijacker has taken and/or kept without authorization the NFX.com domain name, which is identical to Plaintiff's distinctive NFX trademark, and has represented itself as the domain name registrant for the NFX.com domain name. These acts constitute a bad faith intent to profit from Plaintiff's NFX.com trademark in

violation of Plaintiff's rights under the Anticybersquatting Consumer Protection Act of 1999 codified at 15 U.S.C. § 1125(d).

19.    The Domain Hijacker's acts have caused and will continue to cause great and irreparable injury to Plaintiff and, unless such acts are restrained by this Court, they will be continued and Plaintiff will continue to suffer great and irreparable injury.

20.    Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

(A)    direct the Domain Hijacker to transfer and register the NFX.com domain name to Plaintiff;

(B)    direct VeriSign, Inc., the domain name registry for the NFX.com domain name, to change the registrar of record for the NFX.com domain name to a registrar selected by Plaintiff;

(C)    award such other and further relief that this Court may deem just and equitable.

Dated: August 18, 2016                          Respectfully submitted,

Kevin B. Bedell (Va. Bar No. 30314)
Greenberg Traurig, LLP
1750 Tysons Boulevard, Suite 1000
McLean, VA 22102
Tel:  (703) 749-1339
Fax:  (703) 714-8339
E-mail:  bedellk@gtlaw.com

MARC H. TRACHTENBERG
(Pro Hac Vice to be submitted)
E-mail:  trachtenbergm@gtlaw.com
77 West Wacker Drive Suite 3100
Chicago IL 60601
Tel:  (312) 236-4711
Fax:  (312) 456-8435

*Counsel for Plaintiff NFX LLC*