UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NFX LLC, | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) Civil Action No. 1:16cv1062 |
| | ) |
| NFX.COM, | ) |
|     Defendant. | ) |

REPORT AND RECOMMENDATION

This matter comes before the Court on plaintiffs' Motion for Default Judgment. (Dkt. 11.) After a representative for defendants failed to respond to plaintiffs' Motion or to appear at the hearing before the undersigned Magistrate Judge on October 28, 2016, the undersigned took plaintiff's Motion under advisement.[1]

I. INTRODUCTION

A. Background

Plaintiff NFX is a California limited liability company having its principal place of business at 558 Hawthorne Avenue, Palo Alto, California 94301. (Compl. ¶ 1.) Plaintiff is an invite only guild for digital networks and marketplaces. (Id. at ¶ 9.) Plaintiff runs a three month program in the Bay Area twice per year which covers the unique challenges that face digital

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), plaintiffs' Motion for Default Judgment ("Mot. Default J.") (Dkt. 11), plaintiffs' Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Mot. Default J.") (Dkt. 12), and all attachments and exhibits submitted with those filings.

1

networks and marketplaces. (Id.) Plaintiff acquired all rights, title, and interest to the NFX.com domain name on November 15, 2014. (Id. at ¶ 10.) Plaintiff has used the distinctive NFX trademark in connection with its guild and programs since May 2013. (Id.) Between September 2015 and May 2016, an unauthorized and unknown third party hacked into the email account of co-founder of NFX Guild, James Currier, and fraudulently transferred a number of domain names, including NFX.com, to an account at another registrar without authorization. (Id. at ¶ 11.) Plaintiff believes defendant is in full control over the stolen domain and any changes to the NFX website could cause damage to NFX business. (Id. at ¶¶ 13-14.)

NFX.com is a domain name that was owned by plaintiff but "has been stolen from plaintiff and is now in possession of Defendant 'Zhaoyuechao.'" (Id. at ¶ 2.)

On August 18, 2016, plaintiff filed this action under the Anticybersquatting Consumer Protection Act ("ACPA") 15 U.S.C. § 1125(d) in an effort to regain control of the domain name. Plaintiff seeks the entry of an order directing defendant to transfer and register the NFX.com domain name to plaintiff and directing the domain name registry VeriSign Inc. to change the registrar of record for NFX.com to a registrar selected by plaintiff. (Mot. Default J. 1; Dkt. 11.)

### B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject matter and personal jurisdiction over the defaulting party/parties.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, which provide that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States, and over civil actions arising under any federal law relating to patents, plant variety protection, copyrights, and trademarks. Plaintiff's cyberpiracy claim arises under the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). The Court has *in rem* jurisdiction over defendant pursuant to 15 U.S.C. § 1125(d)(2)(A) which establishes jurisdiction over a domain name under the ACPA in the judicial district where either the domain name register or registry is located and Verisign, Inc.— the registry of the defendant— is located in this District. (Compl. ¶ 5.) Venue is proper under 15 U.S.C. § 1125(d)(2)(C) due to Verisign's presence in this District.

### C. Service of Process

A plaintiff bringing an *in rem* action under the ACPA may serve process by 1) sending notice of the lawsuit to the listed email and physical addresses of the domain name registrant, and 2) publishing notice of the action as directed by the court. 15

U.S.C. § 1125(d)(2)(A)(ii). Plaintiff moved the Court to affirm service on September 1, 2016. (Dkt. 4.) Plaintiff demonstrated that notice of the lawsuit was sent by email and U.S. mail. Subsequently, plaintiff received a response by email from a person "who claimed ownership of the defendant NFX.com domain name." (Id. at ¶ 3, Ex. E.) The Court deemed service of process was accomplished as required by 15 U.S.C. § 1125. (Dkt. 6.)

### D. Grounds for Default Judgment

Defendant has not answered or otherwise timely responded in this case. Seeking to proceed *in rem* against defendant pursuant to the ACPA, plaintiff filed a motion for an order affirming service and which the Court granted on September 2, 2016. (Dkt. 6.) The Court found plaintiff's email exchange with defendant demonstrated actual notice so that the requirement of service by publication may be waived. (Id.) Defendant filed a late opposition to the motion for order affirming service 11 days after the Court entered its order. (Dkt. 7.) Since that response, defendant has not appeared, answered, or otherwise filed any responsive pleadings in this case. On September 22, 2016, the Clerk of Court entered defendant's default. (Dkt. 9.) Plaintiff filed the instant motion on October 11, 2016. No defendant appeared at the October 28, 2016 hearing on the motion and the undersigned took the matter under advisement to issue this Report and Recommendation.

4

## II. FINDINGS OF FACT

Based on the Complaint, plaintiff's Motion for Default Judgment, and plaintiff's Memorandum of Support of Motion for Default Judgment, the undersigned Magistrate Judge makes the following findings.

Plaintiff NFX is a California limited liability company with its principal place of business in Palo Alto, California. (Compl. ¶ 1.) Plaintiff is an invite only guild for digital networks and marketplaces that provides a program to assist with challenges in digital business. (Id. at ¶ 9.) Plaintiff acquired all right, title, and interest to the NFX.com domain name on November 15, 2014. (Id. at ¶ 10.)

NFX.com is a domain name that was owned by plaintiff but has been stolen from plaintiff and is now in possession of defendant "Zhaoyuechao" located in China. (Id. at ¶ 2.) The domain name registrar for the NFX.com domain name is eName Technology Co., Ltd. located in China. (Id. at ¶ 4.) The domain name registry for the NFX.com domain name is VeriSign, Inc., a Delaware corporation with its principal place of business in Reston, VA. (Id. at ¶ 5.)

Sometime from September 2015 to May 2016, the email account of the person responsible for managing the domain name portfolio was hacked. (Id. at ¶ 11.) The hacker fraudulently transferred the NFX.com domain name out of plaintiff's control. (Id. at ¶

5

12.) The registration of the defendant domain name is now with another registrar company eName Technology Co. Ltd. (Id.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiffs' claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

#### A. Legal Standard

The ACPA allows the owner of a mark to file an *in rem* civil action against a domain name if the domain name violates the owner's trademark rights, and if the owner of the mark satisfies certain procedural provisions. 15 U.S.C. § 1125(d)(2)(A). The procedural provisions include establishing that the Court lacks *in personam* jurisdiction over the defendants, or that the plaintiff has been unable to locate the defendants through due diligence. Id. § 1125(d)(2)(A)(ii). In an *in rem* action, the remedies are limited to forfeiture, cancellation, or transfer of the Infringing Domain Name to the owner of the mark. Id. § 1125(d)(2)(D).

Thus, to be entitled to relief *in rem*, the owner of a mark

6

must prove a violation of "any right of the owner of a mark registered in the Patent and Trademark Office," or of subsections 1125(a) or (c). Id. § 1125(d)(2)(A)(i). The phrase "any right of the owner of a mark" encompasses claims brought under Section 1125(d)(1). Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 224, 228, 232 (4th Cir. 2002).

Plaintiff alleges that defendant engaged in cyberpiracy in violation of 15 U.S.C. § 1125(d). (Compl. ¶¶ 6, 18.) That provision creates civil liability for registering, trafficking in, or using a domain name that is "identical or confusingly similar" to a plaintiff's mark, with a bad faith intent to profit from that mark. 15 U.S.C. § 1125(d)(1)(A). Thus, to establish such a cybersquatting violation, a plaintiff must prove: (1) plaintiff's ownership of a valid and protectable mark; (2) defendant's use of a domain name that is "identical or confusingly similar" to plaintiff's mark; and (3) defendant's bad faith intent to profit from the mark. See Harrods Ltd., 302 F.3d at 228, 232, 247.

### 1. *Plaintiff Possesses a Valid and Protectable Mark*

The ACPA protects both registered marks as well as unregistered common law marks. See 15 U.S.C. §§ 1125(a), 1125(d)(2)(A)(i); B & J Enters. v. Giordano, 329 F. App'x 411, 416 (4th Cir. 2009). The undersigned finds that the plaintiff has sufficiently pled protectable rights in the NFX mark alleged

7

in the Complaint. Plaintiff alleges it "acquired all right, title, and interest to the NFX.com domain name" and since November 2014, "NFX has diligently renewed and maintained its ownership of the NFX.com domain name." (Compl. ¶ 10.) Plaintiff further alleges it has used the distinctive NFX trademark in connection with its guild and programs for digital networks and marketplaces. (Id.) Accordingly, "Plaintiff's registration of the . . . [domain names] and use of them in business since that registration establishes [its] common law rights in the marks." Traffic Names, Ltd. v. Zhenghui Yiming, No. 14-cv-1607, 2015 WL 2238052, at *4 (E.D. Va. May 12, 2015).

### 2. *Defendant Registered Confusingly Similar Domain Name*

The undersigned finds that plaintiff's Complaint sufficiently demonstrates that the defendant domain name is confusingly similar to the mark in which plaintiff possesses protectable rights. The confusing similarity standard is satisfied when a domain name is virtually identical to the plaintiff's mark. See Agri-Supply Co. v. Agrisupply.com, 457 F. Supp. 2d 660, 663 (E.D. Va. 2006). Here, the defendant domain name is not merely similar to plaintiff's common law trademark, but is plaintiff's own domain name re-registered by another individual. (Compl. ¶¶11-13.)

### 3. *Defendant Has Acted with a Bad Faith Intent*

Finally, the undersigned finds that plaintiff's Complaint

pleads facts evidencing defendants' bad faith intent to profit from plaintiff's mark. Under the ACPA, bad faith intent may be shown by weighing nine factors. 15 U.S.C. § 1125(d)(1)(B)(i). The factors are given to courts as a guide and need not be exhaustively considered in every case. Lamparello v. Falwell, 420 F.3d 309, 319-20 (4th Cir. 2005). In pertinent part, the factors relevant to a finding of bad faith include: a defendant's lack of intellectual property rights in the domain name; a defendant's intent to divert consumers from the mark owner's website in such a way that could harm the goodwill of the mark due to a likelihood of confusion as to affiliation or endorsement of the site; a defendant's provision of false contact information when applying for registration of the domain name; and a defendant's registration of multiple domain names that the defendant knows are identical to marks of another which are distinctive at the time of registration. 15 U.S.C. §§ 1125(d)(1)(B)(i)(I), (V), (VII), (VIII).

Based on these factors, the undersigned finds that defendants have acted with bad faith intent to profit from plaintiff's mark in violation of the ACPA. Plaintiff contends the actions taken by defendant domain name of hacking an account and making an unauthorized transfer itself exhibits bad faith. (Mem. Supp. Mot. Default J. 4); See also Traffic Names, Ltd., 2015 WL 2238052, at *5. Plaintiff indicates it is the only

9

entity or person to plaintiff's knowledge to use the NFX trademark and to use the NFX.com domain name in connection with such rights. (Mem. Supp. Mot. Default J. 4.) Accordingly, plaintiff pleads facts regarding actions taken by the current registrant of the defendant domain name that demonstrate bad faith pursuant to the factors enumerated in 15 U.S.C. § 1125(d)(1)(B)(i).

### B.  Conclusion

Because the remaining procedural provisions of 15 U.S.C. § 1125(d) have been satisfied, the Court may order the forfeiture or cancellation of the defendant domain name or the transfer of the domain name to plaintiff. 15 U.S.C. §§ 1125(d)(1)(C), 1125(d)(2)(D)(i).

### IV. REQUESTED RELIEF

Plaintiff requests the Court enter default judgment in plaintiff's favor and issue an order directing VeriSign, Inc., the domain name registry for the NFX.com domain name, to change the registrar of record or the NFX.com domain name to a registrar selected by plaintiff, restoring registration to plaintiff. (Mot. Default J. 1; Dkt. 11.)

V. <u>RECOMMENDATION</u>

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff against defendant Zhaoyuechao or defendant domain name for its violations of the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). To that end, the undersigned recommends that the district judge enter an order containing the specific language requested by plaintiff on page five of plaintiff's Memorandum in Support of Motion for Default Judgment.

VI. <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

November 15, 2016
Alexandria, Virginia

11